IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )        8:05CR294
                             )
      v.                     )
                             )
FRANCISCO ROBLES,            )        MEMORANDUM OPINION
                             )
            Defendant.       )
_____)
```

This matter is before the Court on defendant's timely motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255 (Filing No. 176). The Court is also in receipt of the government's answer to the motion (Filing No. 187), its index of evidentiary materials in support of its answer (Filing No. 188), and its brief in support of its answer (Filing No. 189). For the reasons set forth herein, the defendant's motion will be denied.

**BACKGROUND**

On July 20, 2005, a one-count indictment was filed in the United States District Court for the District of Nebraska naming Francisco Robles a/k/a Juan Valleo Cillo as a defendant. The indictment charged Robles with conspiracy to distribute and to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1) and 846.  A superseding indictment was filed on May 15, 2006, charging Robles with conspiracy to distribute and possess with intent to distribute less than 500 grams of methamphetamine mixture, in violation of the aforementioned statutes, and broadening the time period of the conspiracy to June 1, 2003, through August 30, 2005.  Finally, a second superceding indictment was filed on June 22, 2006, increasing the quantity of drugs charged to more than 500 grams (Filing No. 74).

Defendant proceeded to trial on June 26, 2006.  On June 29, 2006, the jury returned a verdict of guilty as to the conspiracy charged in Count I of the second superseding indictment and found Robles responsible for 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (*See* Filing No. 98).  A presentence investigation report was prepared (Filing No. 137), and on October 13, 2006, the Court sentenced Robles to 240 months imprisonment, five years supervised release with special conditions, and a $100 special assessment (*See* Filing No. 141).

On direct appeal, Robles argued first that the evidence presented at trial was insufficient to convict him because the government's cooperating witnesses were all lying, and second that his sentence was unreasonable because he was a drug user and not a drug dealer.  The United States Court of Appeals for the Eighth Circuit affirmed defendant's sentence on December 13,

2007.  On June 9, 2008, Robles filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 176).  This is Robles's first petition pursuant to § 2255.  Robles then filed a petition for writ of mandamus or injunction (*See* Case No. 8:08CV280, Filing No. 1), which was denied by the Court of Appeals on October 24, 2008 (Case No. 8:08CV280, Filing No. 11).  Also pending are defendant's motion to stay habeas proceeding without prejudice (Filing No. 180), his motion for summary judgment with memorandum and affirmation (Filing No. 191), and his motion for status (Filing No. 197).  Robles's motion for summary judgment (Filing No. 191) contained no certificate of service and due to his failure to correct this deficiency will be stricken pursuant to NECrimR 49.5(c).

## DISCUSSION

Mr. Robles seeks relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509 (2003).  Robles claims that his court appointed counsel, John Velasquez, was ineffective at trial, at sentencing, and on direct appeal.  He maintains Velasquez was ineffective because he was incompetent, inattentive, and biased, failing to raise issues such as this Court's lack of impartiality (as evidenced by

Velasquez's appointment), Velasquez's conflict of interest (as part of the "DOJ's 'prosecution ring' (money game)"), and that Robles had his punishment enhanced in retaliation for the exercise of his right to a jury trial (because his sentence after trial was greater than an earlier plea bargain offer by the government).

The United States Supreme Court has long recognized that the Sixth Amendment right to counsel is necessary to protect the fundamental right to a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684 (1984). This right to counsel is "the right to effective assistance of counsel." *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)). An ineffective assistance of counsel claim has two components: (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  The Court must ask whether a reasonable probability exists that absent the errors, the factfinder would have a reasonable doubt respecting guilt, based upon the totality of the evidence.  *Id.* at 695.

Defendant fails to show deficient performance by counsel with respect to any of the grounds in his motion.  In grounds one through three, Robles alleges that his counsel was ineffective, that the judicial officials in his case were not impartial, and that he was convicted under a presumption of guilt.  However, he does not support any of these allegations with evidence.  Bare allegations with no evidentiary support would not create reasonable doubt in the mind of any factfinder.  Robles does provide evidence that his counsel may not have responded to his requests for records in a timely manner.  However, these requests all took place after Robles's trial, sentencing, and direct appeal, and therefore even if the records had been timely sent, the result of those proceedings would not have been different.

In ground four of his motion, defendant claims that Velasquez was ineffective because he denied him his right to direct appeal.  However, Robles did in fact receive a direct appeal in which his sentence was affirmed by the United States Court of Appeals for the Eighth Circuit.  *See United States v.*

*Robles*, 256 Fed. Appx. 880 (8th Cir. 2007).  In his fifth ground, defendant suggests that Velasquez was ineffective because he failed to raise on appeal that Robles had received enhanced punishment in retaliation for his exercise of his right to a jury trial.  There is evidence that before trial, the government offered Robles a plea agreement allowing him to serve 90 months imprisonment in exchange for his plea of guilty (*See* Filing No. 188, at ¶ 15).  However, Robles rejected the government's offer.  A rejected offer such as this does not bind the Court to an upper limit on sentencing, as defendant seems to suggest.  Rather, when a plea is rejected, both "the defendant and the prosecutor are placed in their respective pre-plea agreement positions.  They may renegotiate a new agreement or proceed to trial."  *United States v. McGovern*, 822 F.2d 739, 744 (8th Cir. 1987).  Robles proceeded to trial, and the jury found him guilty.  There is also no evidence that the jury or the Court was aware that the government made Robles any offer.  Thus, this argument lacks merit.  It was not ineffective assistance of counsel for Velasquez to fail to raise an issue on appeal that had no merit because even if he had, the result of the proceeding would not have been different.

   Finally, Robles argues that he was denied a fair jury trial because Velasquez was "unqualified and unspecialized to professionally defend against the unethical unlimited resources

-6-

employed by the department of just-us." Apart from attaching several media articles critical of United States drug policy, Robles provides no evidence to support this charge. The Court notes that Velasquez has "handled hundreds of federal criminal drug defense cases, including numerous jury trials." (Velasquez Aff. 3, Filing No. 188-2.)  Moreover, defense counsel's conduct is "presume[d] . . . to fall within the wide range of competence demanded of attorneys under like circumstances . . . ." *Driscoll v. Delo*, 71 F.3d 701, 708-09 (8th Cir. 1995) (citing *Strickland*, 466 U.S. at 687-89).  Absent a factual basis for this charge, which Robles does not provide, the Court cannot say either that Velasquez's conduct was deficient, or that if it was the result of any of the proceedings against Robles would have been different.

## CONCLUSION

For the foregoing reasons, the defendant's § 2255 motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of December, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court